[Civ. No. 9349. First Appellate District, Division Two.—August 20, 1934.]

CHARLES A. HAMMETT, Appellant, v. OLLIE C. CHAMBERLAIN, Respondent.

Newby & Newby and Dee Holder for Appellant.

W. I. Gilbert, Earl D. Killion and George D. Blair for Respondent.

SPENCE, J.—This is an appeal by plaintiff from a judgment in favor of defendant in an action to declare a trust and for an accounting.

Plaintiff's action was filed in 1931 and was predicated upon an alleged written agreement dated February 15, 1912. The answer denied the allegations of the complaint including the allegations relating to the execution of said agreement. The trial court found against plaintiff on the material issues and entered its judgment accordingly.

On this appeal it is contended that several of the findings are not supported by the evidence, but as the findings against appellant on the issue of the execution of the alleged written agreement find ample support, we need not consider the other points raised.

In support of his claim appellant produced what purported to be a carbon copy of a written agreement signed by appellant and respondent on February 15, 1912. He testified that the original agreement was signed by the parties on that date and that the carbon copy was left in the possession of respondent; that the original which he had retained had been burned about 1920; that thereafter and while he was at the home of respondent at Los Angeles he took the carbon copy from her handbag without her knowledge, put said carbon copy in a beer bottle, sealed it with wax and thereafter buried it in a sand dune in the Imperial Valley, where it remained until he dug it up in 1931. In an attempt to corroborate his testimony regarding the execution of the instrument by respondent, appellant produced a handwriting expert who had compared the carbon impression of what purported to be respondent's signature with certain exemplars containing respondent's signature. The witness testified: ''The best I can state then is, my best judgment is that the person who wrote the exemplars is the same person who wrote the original of which the Ollie C. Chamberlain on Exhibit 2 is a carbon impression. The

carbon impression is, in some particulars, indefinite and the carbon impression is not the best basis upon which to arrive at a positive conclusion, in my judgment."

On the other hand, respondent testified that she had not signed the purported agreement or any such agreement and that she had never seen or heard of it until the complaint was filed. Appellant contends that respondent's "mere statement that she did not sign the contract does not raise a conflict in the evidence" for "a party's mere statement cannot stand as against the positive and unassailable evidence against it". This contention assumes that the testimony tending to support appellant's claims was both positive and unassailable while that tending to support respondent's claims consisted of nothing more than respondent's statement. This court cannot accept either assumption as correct. There are many facts and circumstances in evidence tending to corroborate respondent's testimony, some of which facts and circumstances are found in the testimony of appellant himself. In the last analysis this is a case in which there was a substantial conflict in the evidence and the findings of the trial court based upon such conflicting evidence may not be disturbed on appeal.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 18, 1934.